FILED
United States Court of Appeals
Tenth Circuit

September 25, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

DAN HAMILTON, individually and on
behalf of all others similarly situated,

     Plaintiff - Appellant,

v.

AMAZON.COM SERVICES LLC, a
Delaware limited liability company,

     Defendant - Appellee.

No. 23-1082
(D.C. No. 1:22-CV-00434-PAB-STV)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

On appeal from the district court's order dismissing Dan Hamilton's purported

class-action claims for violations of Colorado wage law against Amazon.com

Services, LLC, we certified a question to the Colorado Supreme Court under Tenth

Circuit Rule 27.4 and Colorado Appellate Rule 21.1: "[w]hether Colorado law

includes or excludes holiday incentive pay from the calculation of '[r]egular rate of

pay' under 7 Colo. Code Regs. § 1103-1:1, secs. 1.8 and 1.8.1." _Hamilton v._

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

*Amazon.com Servs. LLC*, No. 23-1082, 2024 WL 158760, at *4 (10th Cir. Jan. 12, 2024) (unpublished).

The Colorado Supreme Court accepted the certified question and has now issued an opinion "concluding that holiday incentive pay is included in the calculation of the '[r]egular rate of pay' under Rules 1.8 and 1.8.1." *Hamilton v. Amazon.com Servs. LLC*, No. 24SA12, 2024 WL 4116007, at *8 (Colo. Sept. 9, 2024). This conclusion is contrary to the district court's determination that holiday incentive pay is *not* included in the calculation. *See Hamilton v. Amazon.com Servs. LLC*, No. 22-cv-00434, 2023 WL 2375080, at *4 (D. Colo. Mar. 3, 2023) (unpublished). Thus, the Colorado Supreme Court's answer to our certified question resolves the appeal in Hamilton's favor. *See O'Brien v. Skinner*, 414 U.S. 524, 531 (1974) (stating that interpretation of state statute by highest state court is binding on federal courts). We reverse the district court's order dismissing Hamilton's complaint and remand for further proceedings, and we deny as moot Amazon's motion to take judicial notice.

Entered for the Court

Nancy L. Moritz
Circuit Judge

2